

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2006

# Carson Concrete Corp v. Secretary of Labor

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2160

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Carson Concrete Corp v. Secretary of Labor" (2006). *2006 Decisions.* Paper 1541.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1541

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2160

CARSON CONCRETE CORPORATION;
CARCO CONSTRUCTION CORPORATION,
Petitioners

v.

*SECRETARY OF LABOR,
Respondent

*(Amended Per Clerk's Order of 5/9/05)

On Petition for Review of a Decision and Order of the
Occupational Safety and Health Review Commission
(OSHRC No. 03-2229)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2006

Before: SCIRICA, *Chief Judge*, BARRY and FISHER, *Circuit Judges*

(Filed: February 27, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Petitioners Carson Concrete Corporation and Carco Construction Corporation challenge an order of the Occupational Safety and Health Review Commission (the Commission). We have jurisdiction under 29 U.S.C. § 660 and will affirm.

**I.**

Because we write for the parties, an abbreviated recitation of the facts will suffice. On November 7, 2003, the Secretary of Labor issued citations alleging Carson violated numerous Occupational Safety and Health Administration (OSHA) safety standards at a Philadelphia construction site during summer 2003. After Carson asserted the citations named the wrong employer, the Secretary of Labor amended them to include Carco Construction Corporation, whom Carson identified as the correct employer.[1]

In February 2004, the Secretary of Labor served Carson with interrogatories, document requests, and requests for admissions. The requests for admissions asked Carson to admit that the individuals identified in the citations were employed by Carson and had been exposed to the alleged hazards. Through its representative, James Sassaman, Carson admitted the alleged violations, but denied an employment relationship with the identified individuals. In August 2004, the Secretary of Labor filed a motion to conclusively establish Carson's responses to the requests for admissions. Carson did not

---

[1]Carco Construction Corporation does not raise any issues in this appeal separate from those raised by Carson. Following the convention of the parties, we refer to the petitioners collectively as "Carson."

object, and the ALJ granted the motion. Meanwhile, on June 29, 2004, the ALJ set an evidentiary hearing date of November 16, 2004.

On November 9, 2004, Sassaman met with Anthony Samango, Carson's president, to prepare for the hearing. Samango later testified that just prior to this meeting, he realized for the first time that Carson had admitted the underlying violations. Sassaman, in contrast, testified he and Samango had discussed the admissions in April. Sassaman further testified he had copied Samango on all filed discovery responses. At the November 9 meeting, Samango disavowed the admissions. He instructed Sassaman to obtain a continuance of the hearing and to withdraw as Carson's counsel.

On November 12, 2004, Sassaman filed a motion to withdraw and requested a thirty day continuance to allow Carson to obtain new counsel. The ALJ concluded Carson had failed to demonstrate just cause for filing a motion for continuance just four days prior to the scheduled hearing. Accordingly, the ALJ denied the motion and ordered both parties to appear at the hearing on November 16, 2004.

At the hearing, Carson's new counsel, Peter Leyh, renewed the motion for a continuance. The ALJ heard conflicting testimony from Samango and Sassaman, and then credited Sassaman's version of events. He concluded that "[p]rior to April 4, 2004, Mr. Samango was aware of the strategy to limit Carson's defense to the claim that employees of Carco . . . were exposed to hazards. . . . " Finding it contumacious that Samango nonetheless waited until November 12 to disavow the admissions, the ALJ again concluded Carson had not shown good cause for its late filing of a motion for

3

continuance. Accordingly, the ALJ denied the motion and ordered the hearing to proceed.

Carson withdrew from the proceedings. The ALJ entered a judgment of default against Carson in the amount of the fines and penalties proposed in the original citations—$176,000. The Commission denied Carson's petition for review, and the ALJ's decision became the Commission's final order. Carson appeals the order, challenging the ALJ's denial of a continuance and entry of default against Carson.

**II.**

We review the ALJ's denial of a continuance and entry of default for abuse of discretion. *See United States v. Fisher*, 10 F.3d 115, 117 (3d Cir. 1993) (continuance); *Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 919 (3d Cir. 1992) (judgment of default). We ask whether the ALJ acted reasonably in light of the facts presented, not whether we would have reached the same conclusion in the first instance. *See Yeboah v. U.S. Dep't of Justice*, 345 F.3d 216, 223 (3d Cir. 2003).

The ALJ's findings of fact will be conclusive if they are supported by substantial evidence on the record, considered as a whole. 29 U.S.C. § 660(a). Legal conclusions will be set aside if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See E & R Erectors v. Sec'y of Labor*, 107 F.3d 157, 160 (3d Cir. 1997).

4

**III.**

Carson contends the ALJ abused his discretion and infringed upon Carson's due process rights in denying Carson a continuance. The Commission's rules provide that a motion to postpone, received less than seven days prior to a hearing, will generally be denied unless good cause is shown for late filing. *See* 29 C.F.R. § 2200.62(c). Carson contends its need for new counsel constituted good cause. We note substitution of counsel sometimes justifies a continuance. *See Hern Iron Works, Inc.,* 13 O.S.H. Cas. (BNA) 2186, *2 n.1 (1989). But we conclude the ALJ did not abuse his discretion or deny Carson due process of law by determining that here, it did not.

The ALJ noted the Secretary of Labor prepared her case in reliance on the order conclusively establishing Carson's admissions. Granting the continuance would unduly delay the proceedings by necessitating additional discovery in order to prove the underlying allegations.[2] The ALJ also noted granting a continuance might prejudice the Secretary of Labor, because the compliance officer might be unavailable to testify in a month's time due to back surgery. In light of the undue delay and potential prejudice, the

---

[2]Carson contends the ALJ could have granted the continuance without allowing Carson to withdraw the admissions, in which case additional discovery would not be needed. Carson never suggested this course to the ALJ. Furthermore, Leyh repeatedly emphasized that Carson could not move forward on the basis of a record in which it admitted the alleged violations. Accordingly, it was reasonable for the ALJ to conclude additional discovery would have been necessary.

5

ALJ concluded Carson's desire for new counsel, not acted upon until four days prior to the hearing, did not constitute good cause.[3]

At the hearing on November 16, 2004, Carson renewed its motion for a continuance. The ALJ heard conflicting testimony from Sassaman and Samango and concluded Sassaman's was credible, while Samango's was not.[4] Because the ALJ had the opportunity to observe the demeanor and hear the testimony of both witnesses, we accept his credibility determination. *See Atlantic Limousine, Inc. v. NLRB*, 243 F.3d 711, 718 (3d Cir. 2001). We also accept the ALJ's inference—based on his credibility determination and supported by substantial evidence—that Samango was aware of the admissions well in advance of his November 9 meeting with Sassaman. It is unlikely Sassaman filed discovery responses without consulting Carson's president, or failed to inform the president of the order conclusively establishing Carson's responses to the

---

[3]Carson notes Sassaman was instructed to obtain a continuance on Tuesday, November 9, but waited until Friday to file the motion. Since we accept the ALJ's determination that Samango became aware of the admissions well in advance of the November meeting, we conclude he had plenty of time to obtain new counsel. He cannot avoid responsibility for the late filing by alleging negligence on the part of Sassaman.

[4]The ALJ stated:
   I do not credit [Samango's] testimony, as it requires one to accept either of two very unlikely scenarios. Either Mr. Sassaman acted as a "rogue" representative, making major litigation decisions and filing significant documents without informing his client, or the president of a company facing several OSHA citations with substantial penalties was totally incurious or completely oblivious to a serious matter facing his company. In contrast, having observed Mr. Sassaman's demeanor, I found his testimony to be both credible and consistent with common experience.

requests for admission. Furthermore, the record supports Sassaman's testimony that he copied Samango on the filed responses to the requests for admission.

Taking into account these circumstances, in addition to the fact that witnesses had been subpoenaed and were present for the hearing, the ALJ concluded a continuance would necessitate additional discovery and unduly delay the hearings. The ALJ did not abuse his discretion in concluding Carson had not shown good cause, which would justify this delay. Nor did the ALJ infringe upon Carson's due process rights. Carson was afforded an "opportunity to be heard at a meaningful time and in a meaningful manner," *Rogal v. Am. Broad. Cos., Inc.*, 74 F.3d 40, 44 (3d Cir. 1996), and was represented by counsel of its choice. The denial of a continuance did not rise to the level of a due process violation. *See Ungar v. Safarite*, 376 U.S. 575, 589 (1964) ("The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process. . . ").

**IV.**

Carson also contends the ALJ abused his discretion in the entry of default. Before an ultimate sanction like default is appropriate, there must be a clear record of contumacious conduct or prejudice.[5] *See Sec. of Labor v. Sealtite Corp.,* 15 O.S.H. Cas. (BNA) 1130, *4 (1991). A failure to comply with Commission rules and orders aimed at delaying proceedings constitutes contumacious behavior. *See id.* As noted, the ALJ

---

[5]Because we accept the ALJ's finding that Carson's conduct was contumacious, we need not address prejudice to the Secretary of Labor.

7

weighed Sassaman's testimony against conflicting testimony from Samango and concluded Samango was aware of Carson's admissions prior to April 4.[6] Accepting this conclusion, we believe it was within the ALJ's discretion to characterize Carson's behavior as contumacious. Despite his actual knowledge, Samango never sought to disavow the company's admissions in the months leading up to the scheduled hearing date. Instead, he falsely testified he was unaware of the admission until early November. When viewed in conjunction with his refusal to proceed with the hearing as ordered by the ALJ, we conclude it was not an abuse of discretion to determine that this pattern of misconduct represented an attempt to delay proceedings and expand the scope of contested issues and was, therefore, contumacious.

In light of Carson's contumacious behavior, entry of default was an appropriate response and was not an abuse of discretion. The Commission's rules give the ALJ authority to enter a default order against a party who failed to plead or otherwise proceed

---

[6]Carson contends the testimony shows that a serious misunderstanding developed late in the proceedings between Samango and Sassaman, and not that one witness was lying. Regardless of the plausibility of Carson's interpretation, we are not reviewing the case *de novo*. We will accept the ALJ's credibility determinations and fact-finding, including inferences, unless substantial evidence shows the ALJ reached the wrong result. *See Am. Iron & Steel Inst. v. OSHA*, 577 F.2d 825, 831 (3d Cir. 1978). We conclude the ALJ's credibility determinations and resulting inferences are reasonable on the record, and supported by substantial evidence.

8

as required by the ALJ.  *See* 29 C.F.R. § 2200.101.  Samango was on notice that the hearing would go forward as scheduled, but refused to take part.[7]

## V.

For the reasons set forth, we will affirm the order of the Commission.

---

[7]Carson further contends the ALJ erred by failing to consider lesser sanctions.  We question whether this claim was properly preserved for review on appeal.  Regardless, an ALJ is not required to consider lesser sanctions where a litigant refuses to participate in a scheduled evidentiary hearing.